1    **DAVID A. DILLARD, CA Bar No. 97515**
     david.dillard@cph.com
2    **PATRICK J. ORME, CA Bar No. 239025**
     patrick.orme@cph.com
3    **CHRISTIE, PARKER & HALE, LLP**
     **350 West Colorado Boulevard, Suite 500**
4    **Post Office Box 7068**
     **Pasadena, California 91109-7068**
5    **Telephone: (626) 795-9900**
     **Facsimile: (626) 577-8800**
6

7    Attorneys for Plaintiff,
     Hokto Kinoko Company

8

FILED

10 FEB 24  PM 2: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12    HOKTO KINOKO COMPANY, a
     California corporation

13            Plaintiff,

14      vs.

15    CONCORD FARMS, INC., a

16    California corporation, and
     FOODMART INTERNATIONAL

17    CORPORATION, a California
     corporation,

18            Defendants.

19

Case No. CV.10 - 01384- RSWL(PLAx)

**COMPLAINT FOR
TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF
ORIGIN, AND UNFAIR
COMPETITION**

**[DEMAND FOR JURY TRIAL]**

20
21   **I.**     **JURISDICTION**

22        1.    This is an action for trademark infringement, false designation of

23 origin, and unfair competition. This action arises under the Trademark Act, Title

24 15 U.S.C. § 1051 *et seq.*, and statutory and common law of the State of

25 California.

       2.    Jurisdiction arises under 28 U.S.C. §§ 1331 and 1338. The claims

26 for common law trademark infringement and unfair competition are substantially

27 related to the claim for trademark infringement and false designation of origin.

28

-1-

1   This Court has supplemental jurisdiction over Plaintiff Hokto Kinoko Company's

2   state law claims under 28 U.S.C. § 1367.

3          3.     Defendant Concord Farms, Inc. regularly conducts and solicits

4   business, engages in other forms of conduct, and derives substantial revenue from

5   doing business in this judicial district.  Moreover, a substantial part of the events

6   giving rise to Plaintiff's claims arose in this District.  Specifically, as explained in

7   detail below, Defendant Concord Farms, Inc. is engaged in the activity giving rise

8   to this action in Los Angeles County, California.  Accordingly, venue is proper

9   under 28 U.S.C. § 1391.

10         4.     Defendant Foodmart International Corporation regularly conducts

11  and solicits business, engages in other forms of conduct, and derives substantial

12  revenue from doing business in this judicial district.  Moreover, substantial part of

13  the events giving rise to Plaintiff's claims arose in this District.  Specially, as

14  explained in detail below, Defendant Foodmart International Corporation

15  currently is engaged in the activity giving rise to this action in Los Angeles

16  County, California.  Accordingly, venue is proper under 28 U.S.C. § 1391.

17  **II.    THE PARTIES**

18         5.     Plaintiff Hokto Kinoko Company ("Hokto") is a California

19  corporation with its principal place of business at 2033 Marilyn Lane, San

20  Marcos, California 92069.

21         6.     On information and belief, Defendant Concord Farms, Inc.

22  ("Concord") is a California corporation with a place of business at 5725 Alcoa

23  Avenue, Vernon, California 90058.

24         7.     On information and belief, Defendant Foodmart International

25  Corporation ("Foodmart") is a California corporation with its principal place of

26  business at 3650 South Nogales Street, West Covina, California 91792.

27  **III.   FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

28         8.     Hokto Kinoko is the exclusive licensee in the United States of

-2-

CHRISTIE, PARKER & HALE, LLP

Hokuto Company, Limited ("Hokuto Company") for the following registered trademarks (collectively referred to as the "Hokto U.S. Mark"):

- United States Trademark Reg. No. 3,185,838 for the mark HOKTO THE KINOKO COMPANY (stylized and design) for, among other things, "fresh mushrooms," based on Japanese registration 4,669,072, registered May 9, 2003  (a copy of the U.S. registration is attached as Exhibit l);

- U.S. Reg. No. 3,210,268 for HOKTO (stylized) for, among other things, "fresh mushrooms," based on Japanese Registration 4,669,073, registered May 9, 2003 (a copy of the U.S. registration is attached as Exhibit 2);

- U.S. Reg. No. 3,185,839 for Design Mark for, among other things, "fresh mushrooms," based on Japanese registration 4,680,716, registered June 6, 2003 (a copy of the U.S. registration is attached as Exhibit 3);

- U.S. Reg. No. 3,185,840 for Design Mark for, among other things, "fresh mushrooms," based on Japanese registration 4,680,717, registered June 6, 2003 (a copy of the U.S. registration is attached as Exhibit 4);

- U.S. Reg. No. 3,179,700 for Design Mark for, among other things, "fresh mushrooms," based on Japanese registration 4,680,718, registered June 6, 2003 (a copy of  the  U.S. registration is attached as Exhibit 5);

- U.S. Reg. No. 3,182,865 for Design Mark for, among other things, "fresh mushrooms," based on Japanese    registration 4,680,719, registered June 6, 2003 ( a  copy of the U.S. registration is attached as Exhibit 6);

CHRISTIE, PARKER & HALE, LLP

- U.S. Reg. No. 3,182,866 for a Design Mark for, among other things, "fresh mushrooms," based on Japanese Registration 4,680,720, registered June 6, 2003 (a copy of the U.S. registration is attached as Exhibit 7);

- U.S. Reg. No. 3,200,594 for a Design Mark for, among other things, "fresh mushrooms," based on Japanese registration 4,690,042, registered July 11, 2003 (a copy of the U.S. registration is attached as Exhibit 8);

- U.S. Reg. No. 3,182,867 for a Design Mark for, among other things, "fresh mushrooms," based on Japanese registration 4,690,044, registered July 11, 2003 (a copy of the U.S. registration is attached as Exhibit 9); and

- U.S. Reg. No. 3,723,744 for the mark BUNAPI for "fresh mushrooms" first used in interstate commerce at least as early as March 1, 2007 (a copy of the U.S. registration is attached as Exhibit 10).

9.      Hokto is a fully owned subsidiary of the largest specialty mushroom grower in Japan, Hokuto Company.   Hokuto Company grows, sells and distributes mushrooms contained in distinctive packaging with Hokuto Company's Japanese trademarks in Japan.   These Japanese trademarks are identical to Hokto's U.S. Marks.   The distinctive packaging of the Hokuto Company's Japanese mushroom products is written mostly with Japanese language characters and contains different nutritional information than that required for the United States market.  Hokuto Company does not sell, export or distribute its Japanese mushrooms products for the United States market.

10.      Hokto grows its organic mushrooms under tightly controlled conditions at its facility in San Marcos, California utilizing a sterilized culture medium.   Hokto places these mushrooms in packages bearing the Hokto U.S. Marks.   All relevant written information on the packaging is in English and

-4-

1    contains nutritional information required for the United States market.

2        11.    On or about July 14, 2009, upon information and belief, Hokto's

3    representative purchased packages of mushrooms bearing one or more of the

4    Hokto U.S. Marks and written mostly in Japanese from two different retail outlets

5    in Irvine, California.    Hokto's representative was informed that the retail

6    establishments purchased the packaged mushrooms from Defendant Concord.

7        12.    Upon information and belief, Defendant Concord has purchased and

8    imported Hokuto Company's mushroom products from Japan.    These products

9    bear one or more of the Hokto U.S. Marks.    The writing on these packages

10    contains mostly Japanese language characters.    Defendant Concord lacks

11    authorization to use the Hokto U.S. Marks.

12        13.    On or about October 5, 2009, upon information and belief, Hokto

13    representatives attended the Produce Marketing Association exposition in

14    Anaheim, California.    At the exposition, Hokto's representative spoke with a

15    representative of Concord requesting that Concord not import, sell and distribute

16    Hokuto Company's Japanese packaged mushrooms.

17        14.    On or about December 29, 2009, upon information and belief,

18    Hokto's representative purchased from Defendant Foodmart maitake mushrooms

19    in packaging identical to packaging used by Hokuto Company in Japan and

20    bearing one or more of the Hokto U.S. Marks.    On that same day Hokto's

21    representative spoke with Defendant Foodmart's Produce Manager, Alberto Fang,

22    regarding the supplier of the mushrooms.    Mr. Fang would neither confirm nor

23    deny that Defendant Foodmart purchased the mushrooms from Defendant

24    Concord.

25                    **FIRST CLAIM FOR RELIEF**

26                    **(Infringement of a Registered Trademark)**

27        15.    Hokto realleges and incorporates by reference paragraphs 1 through

28    14 of this Complaint as though set forth fully here.

CHRISTIE, PARKER & HALE, LLP

16.     The Hokto U.S. Marks are presumed inherently distinctive because of their registration on the Principal Register of the PTO under Section 2(e) of the Trademark Act.

17.     Defendants' unauthorized use of the Hokto U.S. Marks is likely to cause confusion because the relevant consuming public is likely to believe that Defendant's goods emanate from, are sponsored by, or are authorized by Hokto.

18.     On information and belief, Defendants had knowledge of Hokto's prior use, and registration of the Hokto U.S. Mark but nevertheless used and continued to use the Hokto U.S. Marks without authorization and in disregard of Hokto's rights.

19.     On information and belief, Defendants' infringement of the Hokto U.S. Marks was and is willful with the intent of trading on Hokto's goodwill and reputation.

20.     Defendants' infringement of the Hokto U.S. Marks has irreparably damaged Hokto's valuable goodwill and reputation and has adversely affected and, unless enjoined, will continue to affect adversely Hokto's business conducted in connection with the Hokto U.S. Marks.

21.     On information and belief, Defendants have profited from their unauthorized use of the Hokto U.S. Marks.

22.     Hokto has suffered the loss of sales and profits that Hokto would have made but for Defendants' acts.

23.     The above-described acts of Defendants constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin)

24.     Hokto realleges and incorporates by reference paragraphs 1 through 23, of this Complaint as though set forth fully here.

25.     Defendants' use of one or more of the Hokto U.S. Marks constitutes

CHRISTIE, PARKER & HALE, LLP

false designation of origin in violation of 15 U.S.C. § 1125(a).  Defendants have used the Hokto U.S. Marks in a way that is likely to cause confusion, mistake, and deception among the public and trade, all of who will be led to erroneously believe that Defendants' mushroom products are produced, provided by, approved of, or otherwise affiliated or associated with Hokto.

26.    On information and belief, in selecting and continuing to use the Hokto U.S. Marks in connection with their goods, Defendants intend to misrepresent the origin of their goods and services and to trade on Hokto's goodwill and reputation.

27.    Hokto has no adequate remedy at law.  By misappropriating the Hokto U.S. Marks, Defendants have irreparably injured and are likely to continue to irreparably injure Hokto's business reputation, and Hokto is entitled to injunctive relief to prevent future harm and to damages in an amount according to proof.

### THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition)

28.    Hokto realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as if fully stated here.

29.    This count arises under the common law of unfair competition of the State of California.

30.    Defendants' activities alleged above constitute unfair competition.

31.    Hokto has no adequate remedy at law for Defendants' acts of unfair competition and is thus entitled to injunctive relief prohibiting Defendants from continuing to infringe Hokto's common law trademark rights, from continuing to engage in unfair competition, and from otherwise using the Hokto U.S. Marks.

32.    On information and belief, Defendants' acts of unfair competition were unlawful and willful with the intent to trade on Hokto's goodwill and consistency, Hokto is entitled to an award of punitive damages.

-7-

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under California Business and Professions Code
### § 17200 *et seq.*)

33.     Hokto realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as if fully stated here.

34.     Defendants' acts as alleged above constitute unfair, unlawful and fraudulent business practices, and unfair competition, under California Business and Professions Code § 17200 *et seq.*  Defendants' unlawful conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Hokto.

35.     Hokto has no adequate remedy at law for Defendants' unlawful conduct, and thus is entitled to permanent injunctive relief prohibiting Defendants from continuing to engage in that conduct.

36.     Hokto is also entitled to restitution and disgorgement of Defendants' profits that resulted from Defendants unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE,** Hokto requests judgment as follows:

1.     That this Court declare:

    a.     That is has jurisdiction over the parties and the subject matter of this action;

    b.     That Hokto has the exclusive right to use the Hokto Marks in connection with mushroom products;

    c.     That Defendants have committed acts of trademark infringement by their importation, offers for sale, and sales of goods bearing one or more of the Hokto U.S. Marks; and

    d.     That Defendants have committed acts of unfair competition.

2.     That a permanent injunction be issued enjoining Defendants, their agents, employees, and representatives and all persons acting in concert or in privity with any of them from:

CHRISTIE, PARKER & HALE, LLP

a.    using in any manner any of the Hokto U.S. Marks or any other names or marks that so resemble any of the Hokto U.S. Marks as to be likely to cause confusion, deception, or mistake; and

b.    committing or contributing to any acts calculated to cause purchasers to believe that any products that are not Hokto's are those sold under the control or supervision of Hokto, or are sponsored or approved or connected with, guaranteed by, or produced under the control and supervision of Hokto.

3.    That Hokto be awarded Defendants' profits resulting from its willful infringement of Hokto's trademark rights;

4.    That Hokto be awarded its actual damages as a result of Defendants' trademark infringement;

5.    That damages resulting from Defendants' willful trademark infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117;

6.    That Hokto be awarded punitive damages;

7.    That Hokto be awarded its attorneys' fees and costs; and

8.    That Hokto be awarded such other relief as may be appropriate.

DATED:  February 23, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____

David A. Dillard
Patrick J. Ormé

Attorneys for Plaintiff,
Hokto Kinoko Company

CHRISTIE, PARKER & HALE, LLP

1

## **DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Hokto Kinoko Company hereby demands trial by jury on all issues triable to a jury.

DATED:  February 23, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By _____

David A. Dillard
Patrick J. Ormé

Attorneys for Plaintiff,
Hokto Kinoko Company

RG PAS873533.1-*-02/23/10 5:58 PM

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT ONE

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**

Reg. No. 3,185,838

Registered Dec. 19, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; COCOONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4669072, DATED 5-9-2003, EXPIRES 5-9-2013.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE KINOKO COMPANY", APART FROM THE MARK AS SHOWN.

"THE COLOR(S) ORANGE, GREEN AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK."

THE COLOR ORANGE APPEARS IN THE LETTER T. THE LITERAL ELEMENTS HOK O THE KINOKO COMPANY APPEAR IN GREEN. THE COLOR WHITE APPEARS IN A STAR IN THE TOP PORTION OF THE T AND IN THE BACKGROUND.

APPLICANT STATES THAT THE WORD "HOKTO" IS ARBITRARY. THE ENGLISH TRANSLATION OF THE WORD "KINOKO" IN THE MARK IS "MUSHROOM" IN THE JAPANESE LANGUAGE.

SER. NO. 78-643,527, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 1
PAGE 11

# EXHIBIT TWO

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**

Reg. No. 3,210,268

Registered Feb. 20, 2007

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; CO-COONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4669073, DATED 5-9-2003, EXPIRES 5-9-2013.

THE COLORS GRAY, BLACK AND WHITE ARE CLAIMED AS A FEATURE OF THE MARK.

THE COLOR GRAY APPEARS IN THE LETTER T. THE COLOR WHITE APPEARS IN A STAR IN THE UPPER PORTION OF THE T AND IN THE BACK-GROUND. THE LETTERS HOK AND O APPEAR IN BLACK.

SER. NO. 78-643,535, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 2
PAGE 12

# EXHIBIT THREE

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 3,185,839

Registered Dec. 19, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; COCOONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED

MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4680716, DATED 6-6-2003, EXPIRES 6-6-2013.

THE COLOR(S) FLESH, ORANGE, BROWN, TAN, GREEN, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE FACES, ARMS AND LEGS OF ALL THE CHARACTERS IN THE COLOR FLESH; THE TOPS OF THE CHARACTERS FROM LEFT TO RIGHT ARE ORANGE; UPPER BROWN AND LOWER TAN; OUTER GREEN AND INNER STAR DESIGN WHITE; AND BROWN WITH BLACK DOTS. ALL FIGURES ARE OUTLINED IN BLACK AND HAVE BLACK EYES, NOSE AND MOUTHS. THE FIGURE SECOND FROM THE LEFT HAS AN ORANGE DOT ON EACH OF HER CHEEKS.

SER. NO. 78-643,544, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 3
PAGE 13

# EXHIBIT FOUR

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**

Reg. No. 3,185,840

Registered Dec. 19, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; CO-COONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4680717, DATED 6-6-2003, EXPIRES 6-6-2013.

THE COLOR(S) FLESH, ORANGE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF FACE, ARMS AND LEGS OF THE CHARACTER IN FLESH COLOR; THE TOP OF THE CHARACTER IS ORANGE; THE CHARACTER IS OUTLINED IN BLACK; AND THE CHARACTER'S HAIR, EYES, NOSE AND MOUTH ARE IN BLACK.

SER. NO. 78-643,551, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 4
PAGE 14

# EXHIBIT FIVE

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 3,179,700

Registered Dec. 5, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; COCOONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4680718, DATED 6-6-2003, EXPIRES 6-6-2013.

THE COLORS FLESH, BROWN, TAN, BLACK AND ORANGE ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE FACE, ARMS AND LEGS OF THE CHARACTER ARE FLESH COLOR; THE UPPER TOP OF THE CHARACTER IS BROWN AND THE LOWER TOP IS TAN. THE CHARACTER IS OUTLINED IN BLACK AND THE EYES ARE IN BLACK. THE MOUTH IS OUTLINED IN BLACK AND IS BROWN ON THE INSIDE AND THE CHARACTER HAS AN ORANGE DOT ON EACH OF HER CHEEKS.

SER. NO. 78-643,558, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 5
PAGE 15

# EXHIBIT SIX

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 3,182,865

Registered Dec. 12, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; COCOONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4680719, DATED 6-6-2003, EXPIRES 6-6-2013.

THE COLOR(S) FLESH, GREEN, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE FACE, ARMS AND LEGS OF THE CHARACTER IN FLESH COLOR; THE OUTER TOP OF THE CHARACTER IS GREEN AND THE INNER STAR DESIGN TOP OF THE CHARACTER IS WHITE. THE CHARACTER IS OUTLINED IN BLACK AND THE EYES, NOSE AND MOUTH ARE IN BLACK.

SER. NO. 78-643,567, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 6
PAGE 16

# EXHIBIT SEVEN

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

Reg. No. 3,182,866

## United States Patent and Trademark Office

Registered Dec. 12, 2006

### TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; CO-

COONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4680720, DATED 6-6-2003, EXPIRES 6-6-2013.

THE COLOR(S) FLESH, BROWN AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE FACE, ARMS AND LEGS OF THE CHARACTER IN FLESH COLOR; THE TOP OF THE CHARACTER IS BROWN WITH BLACK DOTS. THE CHARACTER IS OUTLINED IN BLACK AND THE EYES, NOSE AND MOUTH ARE IN BLACK.

SER. NO. 78-643,571, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 7
PAGE 17

# EXHIBIT EIGHT

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**

Reg. No. 3,200,594
Registered Jan. 23, 2007

## TRADEMARK
### PRINCIPAL REGISTER



ブナピー

HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, NAGANO, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; COCOONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4690042, DATED 7-11-2003, EXPIRES 7-11-2013.

THE MARK CONSISTS OF THE MARK CONSISTS OF JAPANESE CHARACTERS.

SER. NO. 78-643,580, FILED 6-3-2005.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

EXHIBIT *8*
PAGE *18*

# EXHIBIT NINE

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 3,182,867
Registered Dec. 12, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HOKUTO CO., LTD. (JAPAN CORPORATION)
138-1, MINAMIBORI
NAGANO-SHI, JAPAN

FOR: FRESH MUSHROOMS; LIVE FLORAL WREATHS; DRIED FLORAL WREATHS; LIVE FISHING BAIT; FRESH HOPS; RAW HOPS; UNPROCESSED HOPS; LIVING FISH FOR FOOD; LIVE SEAFOOD, NAMELY, LOBSTERS, RAW, FRESH AND UNPROCESSED VEGETABLES AND FRUITS; LIVING SUGAR PLANTS; COPRA; MALT FOR BREWING AND DISTILLING; LIVING FOXTAIL MILLET, COMMON AND BARNYARD MILLET PLANTS; LIVING SESAME PLANTS; RAW, FRESH AND UNPROCESSED CORN; FRESH, RAW AND UNPROCESSED OATS; UNPROCESSED RICE; LIVING SORGHUM PLANTS; PROTEIN FOR ANIMAL CONSUMPTION; ANIMAL FOODSTUFFS; SEEDS AND BULBS; LIVE TREES; DRIED FLOWERS; NATURAL TURF, NAMELY, GRASS AND LAWN GRASS; SEEDLINGS; SAPLINGS; LIVE FLOWERS; HAY; DWARFED POTTED BONSAI TREES; LIVE MAMMALS NOT FOR FOOD, NAMELY, FISH, BIRDS AND INSECTS; SILKWORM EGGS; CO-COONS FOR EGG PRODUCTION; EGGS FOR HATCHING; URUSHI TREE SEEDS; ROUGH CORK; AND UNWORKED OR PARTLY WORKED MATERIAL, NAMELY, PALM TREE LEAVES, IN CLASS 31 (U.S. CLS. 1 AND 46).

OWNER OF JAPAN REG. NO. 4690044, DATED 7-11-2003, EXPIRES 7-11-2013.

THE COLOR(S) ORANGE, BLACK AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE COLOR ORANGE APPEARING IN THE FLOWER SHAPE AND THE INSIDE OF THE MOUTH. THE CHARACTER IS OUTLINED IN BLACK, THE MOUTH IS OUTLINED IN BLACK, THE EYES ARE IN BLACK, AND WHITE APPEARS IN THE FACE, ARMS AND LEGS OF THE CHARACTER.

SER. NO. 78-643,589, FILED 6-3-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

EXHIBIT 9
PAGE 19

# EXHIBIT TEN

# United States of America

## United States Patent and Trademark Office

# BUNAPI

**Reg. No. 3,723,744**   HOKUTO CO., LTD. (JAPAN CORPORATION)
Registered Dec. 8, 2009   138-1, MINAMIBORI
NAGANO-SHI, JAPAN

**Int. Cl.: 31**   FOR: FRESH MUSHROOMS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 3-1-2007; IN COMMERCE 3-1-2007.

**TRADEMARK**
**PRINCIPAL REGISTER**   THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF JAPAN REG. NO. 5038297, DATED 4-6-2007, EXPIRES 4-6-2017.

SN 77-977,995, FILED 6-21-2007.

AMY HELLA, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT _10_
PAGE _20_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 1384 RSWL (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| a) **PLAINTIFFS** (Check box if you are representing yourself ☐ )<br><br>OKTO KINOKO COMPANY, a California corporation, | **DEFENDANTS**<br><br>CONCORD FARMS, INC., a California corporation; and FOODMART INTERNATIONAL CORPORATION, a California corporation. |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>DAVID A. DILLARD, CA BAR # 97,515<br>david.dillard@cph.com<br>CHRISTIE, PARKER & HALE, LLP<br>350 W. Colorado Blvd., Suite 500<br>Pasadena, California 91105<br>(626) 795-9900 (t); (626) 577-8800 (f) | Attorneys (If Known) |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**V. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infringement, False Designation of Origin, and Unfair Competition; 28 U.S.C. Section 1331 and 1338; 15 U.S.C. Section 1051

**VI. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV10 01384

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes

yes, list case number(s): _____

III(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes

yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)    [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

X. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego County | |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>Los Angeles County | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

' **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~signature~_    Date February 24, 2010

David A. Dillard

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HOKTO KINOKO COMPANY, a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10-01384-RSWL(PLAx) |
| v. | |
| CONCORD FARMS, INC., a California corporation; and FOODMART INTERNATIONAL CORPORATION, a California corporation. | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _David A. Dillard_____ , whose address is _Christie, Parker & Hale, LLP, 350 West Colorado Boulevard, Suite 500, Pasadena, CA, 91105___ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __2 4 FEB 2010_____   By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL