**DAVID A. DILLARD, CA Bar No. 97515**
david.dillard@cph.com
**PATRICK J. ORME, CA Bar No. 239025**
patrick.orme@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**350 West Colorado Boulevard, Suite 500**
**Post Office Box 7068**
**Pasadena, California 91109-7068**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
HOKTO KINOKO COMPANY

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOKTO KINOKO COMPANY, | Case No.  CV10-01384 RSWL (PLAx) |
| Plaintiff and Counterdefendant, | |
| vs. | |
| CONCORD FARMS, INC., | **PROTECTIVE ORDER** |
| Defendant, Counterclaimant, and Third-Party Plaintiff, | |
| vs. | |
| HOKUTO COMPANY, LTD. | **Honorable Ronald S.W. Lew** |
| Third-Party Defendant | |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOOD CAUSE STATEMENT**

The discovery in and trial of this case will involve the exchange of highly sensitive information relating to the parties' goods and finances.  The information expected to be sought and produced may include "trade secrets" as that term is defined in California Civil Code § 3426.1, customer lists, market surveys, corporate financial information and analysis, business strategies, personal financial and identifier information, information related to product development, research and releases, and confidential information subject to non-disclosure by prior agreement that are not available to the public.  The parties agree that the disclosure to the public of such highly sensitive information may be detrimental to the parties' respective privacy and commercial interests.  Therefore, the parties have agreed to this Stipulation for Entry of Protective Order on the terms set forth below.

CHRISTIE, PARKER & HALE, LLP

**[PROPOSED] PROTECTIVE ORDER**

The parties hereto have acknowledged that during the course of this action certain information is expected to be sought and produced which include "trade secrets" as that term is defined in California Civil Code § 3426.1, customer lists, market surveys, corporate financial information and analysis, business strategies, personal financial and identifier information, information related to product development, research and releases, and confidential information subject to non-disclosure by prior agreement.  Therefore, the parties have stipulated that this Protective Order may be entered by the Court, and that the order shall govern all confidential information produced in these proceedings.  Accordingly,

IT IS HEREBY ORDERED that:

1.    Definition of Confidential Information.

"Confidential information," as used herein, means any type or classification of information which is designated as confidential by the supplying party, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation.

2.    Designation of Confidential Information.

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, each thing or portion thereof, and each answer to a request for admission or portion thereof, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be so identified and marked "CONFIDENTIAL" by that party's counsel.  Such identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served on the requesting party; (b) in the case of another document, when a copy of the document is provided to another party; and (c) in the case of an inspection of premises or things, either orally on

-3-

1   the record at the time of the inspection (if there is a record of the inspection to be

2   transcribed), or in a written notice delivered to counsel for the other party within

3   ten days after the inspection. Documents need not be marked as

4   "CONFIDENTIAL" at the time produced for inspection and each such document

5   produced for inspection shall be treated as subject to the terms of this Order until

6   a copy of such document is produced to the receiving party for use in this action.

7   In lieu of marking the original of a document, the party may mark the copies that

8   are produced or exchanged. In the case of transcript pages, the designating party

9   shall advise opposing counsel of the specific pages to be maintained in

10  confidence within twenty (20) calendar days after receipt of the transcript of the

11  deposition if such designation did not occur during the deposition. Pending

12  notification from opposing counsel during the twenty (20) calendar day period, all

13  transcript pages shall be treated as "ATTORNEYS' EYES ONLY" and may be

14  used only in accordance with such designation under this Protective Order.

15  Unless identified and marked or designated in accordance with this paragraph,

16  any confidentiality is waived, unless otherwise stipulated or ordered or

17  inadvertent disclosure corrected pursuant to the terms of this Order.

18      3.   Treatment of Confidential Information and Persons Entitled to

19  Access.

20      Until and unless the Court rules that any information, document or thing

21  designated as "CONFIDENTIAL" is not confidential information, or may be

22  disclosed beyond the limits permitted by this Order, access, copying and

23  dissemination of such information, documents and things shall be limited to the

24  following persons:

25      A.   Outside litigation attorneys of record in this litigation and staff, and

26  supporting personnel of such attorneys who are working directly on this litigation

27  under the direction of such attorneys and to whom the materials are disclosed for

28  purposes of this litigation.

CHRISTIE, PARKER & HALE, LLP

B.     Outside experts and consultants such as independent accountants, statisticians, economists, or technical experts, employed in this litigation by a party or its attorneys of record, provided, however, that before such access is given, such expert or consultant has agreed in writing in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order.

C.     Officers, directors, employees, and attorneys for each named party.

D.     Court reporters, stenographers, clerks, law clerks, and other Court personnel employed by the Court.

4.     Materials Designated as "ATTORNEYS' EYES ONLY".

In the event that any party deems in good faith that certain information, documents or things are extraordinarily sensitive and, therefore, inappropriate for treatment merely as "CONFIDENTIAL" discovery material, such items may be designated and marked for "ATTORNEYS' EYES ONLY" instead of or in addition to the "CONFIDENTIAL" designation set forth in Paragraphs 1 and 2, above.  Materials so designated may be disclosed only to persons as described in Paragraphs 3A, 3B, and 3D.  Marking of documents or things as "ATTORNEY'S EYES ONLY," "ATTORNEY EYES ONLY," or by substantially similar designations shall have the same effect as marking them "ATTORNEYS' EYES ONLY."

5.     Restrictions on Use and Dissemination of Designated Information.

All information produced by a party in the course of this litigation and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be used by the receiving parties solely for the purpose of this litigation.  Any person receiving information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the provisions of this Protective Order shall be advised of this Protective Order.  Any person, other than those identified in Paragraphs 3A, 3B and 3D, to whom all or any part of information designated under this Protective Order is shown, shall agree to be

-5-

bound by its terms prior to such disclosure, by signing the form attached hereto as Exhibit A.

6. <u>Certain Information Not Subject to Scope of Order</u>.

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) any receiving party can establish was in its or his or her rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of confidential information. The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party or parties.

7. <u>Exceptions by Court Order or by Agreement by Parties</u>.

Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other parties and the opportunity to be heard, orders such disclosure.

8. <u>Inadvertent or Unintentional Disclosure</u>.

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the receiving party shall either mark

-6-

the materials with the appropriate designation or return them to the producing party for such marking.

9.   Challenges to Designations.

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party or parties may seek appropriate relief from this Court under Local Rule 37, and the party asserting confidentiality shall have the burden of proving same.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request.  The parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.

10.   Documents Under Seal.

Any party wishing to submit to the Court  documents or  transcripts of deposition  testimony  that  have  been  designated  by  any  party  as "CONFIDENTIAL" or for "ATTORNEYS' EYES ONLY" by a party to this action, must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1.  The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11.   Filing of Briefs or Declarations Containing Confidential Information.

In the event that a party wishes to use any information designated under

CHRISTIE, PARKER & HALE, LLP

this Protective Order in any affidavit, brief, memorandum of law, or other paper filed in Court in this litigation, the party must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1.  The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the judge responsible for the litigation.

12.   Modification of Protective Order.

A party may seek the written permission of the other parties or further order of this Court, after notice to the other parties and opportunity to be heard, with respect to modification of this Protective Order.  The parties may, by written stipulation, provide for exceptions to this Order.

13.   Return or Destruction of Confidential Information.

Within thirty (30) days after the final conclusion of this litigation, including all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be returned to the producing party except to the extent that there may have been entered thereon any information which constitutes any receiving party's work product in which event such documents shall be destroyed by that receiving party.  Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product after final conclusion of this litigation.

14.   Continuing Effect.

Once the case proceeds to trial, unless good cause is shown to the district judge in advance of trial to proceed otherwise, information designated by the

-8-

parties and/or kept and maintained pursuant to the provisions of this Protective Order and lodged with the Court becomes public and will be presumptively available to all members of the public.

15.    Advice to Client Based on Confidential Information.

Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "ATTORNEYS' EYES ONLY" designated information or documents, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any designated information.

16.    Discovery Objections, Claim of Privilege.

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17.    Inadvertent Disclosure.

The inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production. Such inadvertent or unintentional disclosure shall be subject to the protections of Federal Rule of Evidence 502.

18.    Examination of Witnesses Regarding Confidential Information.

Notwithstanding any of the provisions of this Protective Order, any witness subject to a noticed deposition in this litigation and his or her counsel of record

may be shown, and questioned, concerning any document of which the witness is alleged or claims to be the author or a recipient or of which he or she is alleged to have knowledge.  Nothing in this Protective Order shall preclude court officials, jurors or any certified reporter retained to transcribe depositions or court proceedings in this litigation from access to designated materials during judicial proceedings or depositions in this litigation.

        19.    <u>Treatment of Confidential Information Produced by Third Parties</u>.

If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, such third parties may gain the protection of this Protective Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Protective Order and will produce documents or information pursuant to this Protective Order, and by designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the procedures prescribed in this Protective Order.  No further order of this Court shall be necessary to extend the protection of this Protective Order to third parties.

      IT IS SO ORDERED.

DATED:  September 14, 2010

          Honorable Paul L. Abrams
          United States Magistrate Judge

RG PAS905066.1-*-09/14/10 12:32 PM

CHRISTIE, PARKER & HALE, LLP

**Exhibit A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

    I, _____, hereby acknowledge that I am about to receive Confidential Information supplied in connection with the lawsuit entitled *Hokto Kinoko Company v. Concord Farms, Inc. v. Hokuto Company, Ltd.*, U.S. District Court for the Central District of California, Case No. CV10-01384 RSWL (PLAx).  I certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") in this action.  I have been given a copy of the Order, have read the Order, and agree to be bound by its terms.  I understand that information or materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as defined in the Order, or any notes or other records that may be made regarding any such information or materials, shall not be disclosed to any persons except as permitted by the Order. I agree to be subject to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcement of the Order.

DATED: _____            By _____

CHRISTIE, PARKER & HALE, LLP